# CENTRAL STATES FIRE INS. CO. v. JACKSON.

No. 18063. Opinion Filed Oct. 2, 1928.

Rehearing Denied Nov. 20, 1928.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

Ben F. Saye, for defendant in error.

HERR, C. This is an action by J. H. Jackson against the Central States Fire Insurance Company to recover on an alleged oral contract of insurance. The plaintiff prevailed in the trial court. Defendant appeals.

It is the contention of plaintiff that on June 2, 1922, defendant's agents, Ivers & Ivers of Marlow, Okla., took his application for insurance on a two-story dwelling house located at Doyle, Okla., together with household furniture therein located. This application was for insurance in the sum of $800, and for a period of three years beginning June 2, 1922, and ending June 2, 1925.

The evidence of the plaintiff is to the effect that at the time this application was taken, to wit, June 2, 1922, he paid a premium of $26 to Ivers & Ivers, agents of the defendant, but that no policy was ever issued. The plaintiff also testified that at the time of signing the application, he was informed by Mr. Ivers that the signing of this

application fully protected him, and that if his property were destroyed by fire the next day the insurance money would be paid. The property was destroyed by fire April 11, 1925.

The theory of the defense is that on June 2, 1922, its agents, Ivers & Ivers, issued a policy on the property above described, but that the same was subsequently by it canceled for the reason that the same was on the wrong form of policy; that the farm form of policy instead of the city form was used; that this policy was surrendered by plaintiff, and a new policy issued and delivered him in lieu thereof by its agent; that this policy was also, upon order of defendant, surrendered and by it canceled for the reason that no written application for insurance was executed by plaintiff; that this second or substituted policy was issued on July 7, 1922; that no premium was ever paid by the plaintiff.

It is further contended by defendant that, on July 22, 1922, a written application for insurance was taken from plaintiff by its agents, Ivers & Ivers, and forwarded to it for approval, which application was by it rejected, and that plaintiff was so advised.

The evidence strongly supports defendant's theory of the case. The application upon which plaintiff rests his case is dated July 22, 1922, and the evidence, to our mind, is conclusive that the application was executed by plaintiff on that date, and the evidence is also conclusive that this is the only written application ever executed by him. This application recites that the insurance is to take effect as of the date of June 2, 1922, the date upon which it is contended by defendant the first policy was issued. This and other documentary evidence clearly establishes defendant's theory that a policy was actually issued June 2, 1922, and subsequently surrendered and canceled. These surrendered and canceled policies were offered in evidence by the defendant.

The plaintiff's testimony is to the effect that the written application was taken June 2, 1922; that this was the only transaction he ever had with defendant or its agents; that the premium was paid on that date; yet, no explanation is made or attempted to be made by him as to why this application was executed on July 22, 1922, fixing June 2nd as the date upon which the insurance was to take effect. It also appears that upon the back of this application is the indorsement "Premium to be paid."

The evidence is conclusive that the policies were issued by defendant and by it subsequently canceled as by it contended; and it is also clear that plaintiff must have known at the time he signed the application that the prior policies were to be taken up and canceled. It is conclusively established that no written application was executed by plaintiff on June 2nd, and that no premium was paid by him on that date. It is clear, therefore, that the plaintiff cannot recover on his original theory of the case; that is, on an oral contract of insurance.

Plaintiff contends, however, that even though the policies were issued as contended by defendant, it could not cancel them without notice and return of premium; that there is sufficient evidence to support a finding of the jury that the premium was, in fact, paid, and that the policy was canceled without notice and without return of the premium, and that, on this theory, the verdict should be upheld.

We cannot agree with this contention. This was not plaintiff's original theory of the case, and if he is to recover on this theory, this case should be tried on such theory, and the jury fully and fairly instructed as to the law applicable thereto. The court, in its instruction, submitted this theory of the case to the jury, but did not fully cover the case by such instruction. This instruction was excepted to by the defendant. The evidence offered by plaintiff on this theory of the case is very unsatisfactory. In our opinion, to permit the verdict to stand would amount to a miscarriage of justice.

Judgment should be reversed, and the cause remanded for a new trial.

FOSTER, JEFFREY, TEEHEE, and DIFFENDAFFER, Commissioners, concur.

By the Court; It is so ordered.